UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNDA MARQUARDT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-0893-AH |
| | § | |
| MICHAEL O. LEAVITT, SECRETARY, | § | |
| UNITED STATES DEPARTMENT OF, | § | |
| HEALTH AND HUMAN SERVICES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the written consents of the parties and the District Court's order of transfer filed on July 3, 2007, in accordance with the provisions of 28 U.S.C. § 636(c) came on to be considered Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c), and the court finds and orders as follows:

SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986). The materiality of facts is determined by substantive law. *Anderson*, 477 U.S. at 248. An issue is "material" if it involves a fact that may affect the outcome of the suit under governing law. *See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). If the moving party presents evidence tending to show the absence of any genuine issue of fact, the opposing party must then identify specific evidence in the record which establishes the existence of one or

more issues of fact, i.e. a non-movant may not merely rely on his or her pleadings. *See Anderson*, 477 U.S. at 256-57; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In addition, neither conclusory allegations nor hearsay statements are competent evidence sufficient to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S. Ct. 82 (1992). In analyzing the competent evidence proffered by the parties, the facts and the inferences to be drawn are viewed in the light most favorable to the non-movants. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989).

BACKGROUND

Plaintiff Lynda Marquardt ("Marquardt" or "Plaintiff") filed this action against Defendant Michael Leavitt ("Defendant") in his capacity as Secretary of the United States Department of Health and Human Services. Marquardt alleges that she was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, et seq. and the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, et seq. by reason of Defendant's failure to promote her to positions which were filled by younger, less qualified and less experienced males. She also claims that Defendant retaliated against her for having filed an EEO complaint and the present action by denying her a promotion to a later vacant employment position.

Marquardt is a 61year-old woman who is currently employed as a Social Work Consultant, a GS-13 position, with the Dallas Regional Office of the Department of Health and Human Services ("DHHS") in the Health Resources Services Administration ("HRSA") Office

of Performance Review ("OPR").  Plaintiff's Appendix ("Pl. App."), p. 168; Marquardt Declaration ("Marquardt Decl."), Pl. App., p. 1, ¶ 3.  She has been employed by HRSA in a GS-13 position since April 1991.  Marquardt Decl., Pl. App., p. 1, ¶ 4.

In August 2003, HRSA announced the creation of new GS-14 Regional Coordinator positions in Vacancy Announcement HRSA 03-060.  Marquardt applied for one of three available positions.  After the application and interview process, Division Director Shirley Henley ("Henley") informed the candidates for position 03-060 that no selection for the position would be made.  Marquardt Decl., Pl. App., p. 8, ¶ 22.  On April 20, 2004, Associate Administrator Jim McRae sent an email to all HRSA OPR employees announcing those who had been selected for the Regional Coordinator positions within the various regions with the exception of the Dallas office, in which the Regional Coordinator position was planned to be filled later in the year.  Henley Declaration ("Henley Decl."), Def. App., p. 26.

On November 19, 2004, the HRSA re-advertised the GS-14 Regional Coordinator positions in Vacancy Announcement HRSA 05-037.  Marquardt again applied for one of the positions.  Three panel members interviewed the candidates and those three with the top scores were chosen for the positions.  Henley Decl., Def. App., p. 4, ¶ 14.  Those chosen included two males and a female, all of whom were over 40 years of age.  *See* EEO Decision dated May 30, 2006, Pl. App., p. 179.  On January 25, 2005, Henley informed Marquardt that she had not been selected for position 05-037 and that if she disagreed with the selection, she could pursue EEO or union channels.  Henley Decl., Def. App., p. 4, ¶ 15.

Sometime in April 2005, Marquardt filed an EEO complaint.  Def. App., p. 242 (excerpt from Marquardt deposition).  It appears that a formal EEO complaint was filed sometime later,

which was accepted by HRSA on June 25, 2005 and an investigator was assigned to her complaint. Marquardt Decl., Pl. App., pp. 9-10, ¶ 25.[1] Marquardt filed the present action on May 18, 2006. On June 5, 2006, she received the final agency decision, dated May 30, 2006, in which the agency found Marquardt's evidence insufficient to prove age or gender discrimination. Pl. App., pp. 173-186.

On August 23, 2006, HRSA announced vacancy number HRSA 2006-0117, another GS-14 Regional Coordinator position. Henley Decl., Def. App., p. 4, ¶ 16. Marquardt applied for the position. Marquardt Decl., Pl. App., p. 10, ¶ 29. The candidates were assigned scores based on their interviews and an editing exercise. Henley Decl., Def. App., pp. 4-5, ¶¶ 17-21. On October 26, 2006, Jeff Jordan, a 36 year-old male and the candidate with the best score, was selected for the position. *Id*. ¶¶ 21-22. Jordan scored 32 (with lower being better) and Marquardt scored 50. Def. App., p. 36. The remaining two candidates – a female and a male – received scores of 46 and 38, respectively. *Id*. Marquardt subsequently filed a second EEO complaint, claiming her non-selection for the position was in retaliation for her earlier gender and age discrimination complaint.

PLAINTIFF'S AGE AND GENDER DISCRIMINATION CLAIMS

Defendant contends that summary judgment is appropriate on Plaintiff's age and gender discrimination claims because she failed timely to exhaust her administrative remedies. Federal employees "must initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the

---

[1]The appendices do not include a copy of Plaintiff's complaint concerning her non-selection for the 05-037 position. However, it appears that it was dated May 31, 2005. See Pl. App., p. 173, cover letter dated May 30, 2006 with the notation "DOF:5-31-05."

effective date of the actions." 29 C.F.R. § 1614.105(a)(1). The 45-day limitation period begins to run from the time the discriminatory event or personnel action occurs, not when the plaintiff discovers or can prove that a discriminatory intent motivated the action. *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). The regulations provide for an extension of the 45-day period when the individual shows: (1) that she was not notified of the time limits and was not otherwise aware of them; (2) that she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred; (3) that despite due diligence she was prevented by circumstances beyond her control from contacting the counselor within the time limits, or (4) for other reasons considered sufficient by the agency or the EEOC. 29 C.F.R. § 1614.105(a)(2). Failure to initiate contact within the required period will bar subsequent review of the claim in federal court absent waiver, estoppel or equitable tolling and it is the employee's burden to establish these exceptions. *See Pacheco*, 966 F.2d at 905.

It is undisputed that Plaintiff received notice via email on April 20, 2004 that the 03-060 position for the Dallas region was not going to be filled and that she was later informed that she was not selected for position 05-037 by Division Director Henley on January 25, 2005. However, she did not initiate contact with an EEO counselor any earlier than April 1, 2005, well past the 45-day deadline.

Marquardt claims that "the Agency knowingly and intentionally extended the 45-day deadline for [her] EEO complaint" and, therefore, the 45-day deadline should be extended under the regulations "for other reasons considered sufficient by the agency. . ." Plaintiff's Response Brief ("Pl. Br."), pp. 18-20. She argues that no one ever mentioned the 45-day filing deadline to her at any stage of the EEO process and submits emails from Henley in which she states that the

5

agency applied the 45-day deadline "loosely." *See* Pl App, pp. 118-20. However, in order to waive a timeliness objection, the agency must make a specific finding that the submission was timely. Nor does an agency's docketing and acting on a complaint constitute a waiver of the timeliness requirement set out in § 1614.105(a)(1), supra. *See Rowe v. Sullivan,* 967 F.2d 186, 191 (5th Cir. 1992) (citing *Munoz v. Aldridge*, 894 F.2d 1489, 1495 (5th Cir. 1990)); *Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir. 1981). A review of the final agency decision on Marquardt's EEO complaint reveals no finding with respect to the timeliness of her complaint. Pl. App., pp. 173-186. Therefore, the agency did not waive the 45-day requirement in her case.

Marquardt also claims she is entitled to equitable tolling. Equitable tolling applies only in "rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). The party who invokes equitable tolling bears the burden of proof. *Id.* "[C]ourts in a long line of cases have held that employees' ignorance of the law . . . cannot justify tolling." *Id.* at 457 (compiling cases). In addition, section 1614.105(a)(2) of the regulations "mandates tolling only where the employee lacks actual and constructive notice of the informal complaint requirement." *Id*. The Fifth Circuit "read[s] this regulation as a narrow exception, situated against the well-established background rule that employees are charged with knowing the law." *Id*. at 458 (denying tolling where plaintiff claimed his inability to speak English prevented him from understanding EEO procedures and holding that "[o]nce the [agency] notified its employees about the informal counseling requirement, [the employee] had the obligation to investigate terms and conditions of employment").

In support of her tolling argument, Marquardt claims, as discussed above, that no agency employee informed her of the 45-day filing requirement or that she had missed the filing

6

deadline, although she was informed by her attorney that she may have missed a filing deadline. Pl. Br. at 18-20; Marquardt Decl., Pl. App., p. 9, ¶ 25. Marquardt states that there was no EEO contact in the Dallas office and that she "looked but could not find posted information" in her office regarding the EEO process. Marquardt Declaration, Pl. App., p. 9, ¶ 25. However, she does not dispute that details of the EEO process, including the 45-day limitation period for filing a complaint, were posted on the HRSA Intranet site which was accessible to HRSA employees and detailed in the Dallas office's employee policy and procedure manual. Def. App., pp. 157 at VI.5, 159 and 171-79. In addition, "[t]he requirement of diligent inquiry imposes an affirmative duty on the potential plaintiff to proceed with a reasonable investigation in response to an adverse event." *Pacheco*, 966 F.2d at 907. Plaintiff presents no evidence of such inquiry on her part. Therefore, equitable tolling is not warranted in this case under either 29 C.F.R. § 1614.105(a)(2)'s tolling provision or under general equitable tolling principles.

Because Plaintiff failed timely to initiate her administrative remedies with respect to her claims for gender and age discrimination, merits review of these claims is time-barred and Defendant is entitled to summary judgment on the same. *See, e.g., Raina v. Veneman*, 152 F. App'x 348 (5th Cir. 2005).

PLAINTIFF'S RETALIATION CLAIMS

Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice" by the statute or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing"

7

under Title VII. 42 U.S.C. § 2000e-3(a).[2] To establish a prima facie case of retaliation under Title VII, an employee must demonstrate that: (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).

Where, as here, a plaintiff offers only circumstantial evidence of causation, the court applies the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *See, e.g., Turner*, 476 F.3d at 348; *Strong v. University Healthcare System, L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007). Under that framework, the employee must first make a prima facie showing of retaliation. A Title VII plaintiff's subjective belief, standing alone, with respect to a retaliation claim is insufficient to establish a genuine issue of fact. *See, e.g., Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426-27 (5th Cir. 2000) (citing *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir. 1985)). The burden then shifts to the employer to state a legitimate, non-discriminatory reason for the employment action. *Id*. If the defendant meets his burden, the burden shifts back to the plaintiff which, in the context of the present action, requires that Marquardt prove that the failure to promote her to the Regional Coordinator position announced in vacancy number HRSA 2006-0117 would not have occurred but for her

---

[2]In Defendant's reply brief, he argues that the court does not have jurisdiction over Plaintiff's retaliation claim under the ADEA because the government has not waived sovereign immunity with respect to such claims. Def. Reply Br. at 1-2. Plaintiff does argue otherwise and states that "she will not oppose dismissal of her retaliation claim under the ADEA." Pl. Sur-Reply Br., p. 2. In any event, the same summary judgment proof is required on a claim of retaliation under either the ADEA or Title VII and, therefore, a separate analysis of Plaintiff's ADEA retaliation claim is unnecessary. Because the court concludes that Plaintiff has failed to establish a prima facie case of retaliation, it need not consider Defendant's sovereign immunity argument.

filing of a formal EEO complaint and/or the instant lawsuit, both of which constitute protected conduct. *Septimus v. University of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). Specifically, the plaintiff must show that the employer's proffered reason is merely a pretext for the real, retaliatory purpose. *Id*.

Defendant argues that Marquardt fails to make a prima facie case of retaliation because she cannot demonstrate a causal link between her protected activity in April 2005 and her non-selection for the Regional Coordinator position in October 2006. Marquardt posits two bases which she claims are sufficient to demonstrate genuine issues of fact. First, she claims that individuals involved in the selection of Jeff Jordan to fill the HRSA 2006-0117 position were aware of her EEO complaint and the fact that she had filed the present suit at the time Jordan was selected on October 26, 2006. Second, she claims that emails from Shirley Henley evidence animus against Plaintiff for having filed an EEO complaint in April 2005.

Marquardt's first argument is patently insufficient to establish a genuine issue of fact precluding a motion for summary judgment. To hold otherwise would bar a supervisor from taking any adverse employment action against an employee merely because the affected employee filed a prior EEO complaint or an employment discrimination case of which the supervisor was aware. The fact that Henley and Robert Sappington were aware of Plaintiff's claims at the time Jordan was selected constitutes too slender a reed to permit a reasonable jury to find a causal link between Marquardt's prior conduct and her non-selection for the HRSA 2006-0117 position.

Marquardt 's temporal proximity argument is likewise insufficient to demonstrate the existence of a genuine issue of fact. The Fifth Circuit has held that an inference of causation may be drawn where the adverse employment action occurs in close temporal proximity to the protected conduct. *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001). The Fifth Circuit recently clarified that "(1) to be persuasive evidence, temporal proximity must be very close, and importantly (2) temporal proximity alone, when very close, can in some instances establish a prima facie case of retaliation." *Strong*, 482 F.3d at 808 (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74, 121 S. Ct. 1508 (2001)).

In this case, Plaintiff filed her informal EEO complaint in April of 2005. She argues that her non-selection for HRSA position 2006-0117 on October 26, 2006 was in retaliation for her April 2005 complaint. The time lapse of more than 18 months is insufficient evidence of causality to establish a prima facie case. *See Evans*, 246 F.3d at 354 (noting that decisions from district courts in this circuit have found "a time lapse of up to four months . . . sufficient to satisfy the causal connection for summary judgment purposes" ); *Breeden*, 532 U.S. at 273-74 (citing with approval Tenth and Seventh Circuit cases holding three and four month periods to be insufficiently close).[3]

Marquardt attempts to buttress her retaliation claim by referring the court to two e-mails sent by Shirley Henley to Jim McRae, the Associate Administrator of HRSA, regarding her

---

[3]Plaintiff argues that the temporal proximity standard is relaxed in cases involving non-selection as opposed to those involving a termination or other employment decisions but cites no case law in support of this proposition. Neither the Fifth Circuit nor the Supreme Court has indicated that the close proximity requirement is in any way dependent upon the type of employment action at issue. The court sees no reason to deviate from the case law merely because this case involves Plaintiff's non-selection for a vacant position as opposed to a termination decision or other adverse employment action.

former EEO complaint, asserting that they constitute evidence of "a negative attitude toward [Plaintiff's] protected activity" and of "expressed hostility toward the EEO investigator." The first email, Pl. App, p. 120, dated May 10, 2005 simply informs McRae and others of the status of Marquardt's first EEO complaint with respect to her non-selection in January 2005. In the second email, Pl. App., pp. 118-119, dated July 29, 2005, Henley detailed the chronology of Marquardt's complaint and related conversations with various HRSA employees. *Id*. Henley expressed frustration with the fact that the agency was not applying the 45-day time frame for filing EEO complaints.[4] She stated:

> [I]t appears to me that EEO not following the 45 day timeframe for filing EEO complaints is putting the agency in a vulnerable position. While I know Lynda's allegations are false and feel we have solid documentation surrounding the interview and selection process, this is creating uncalled for angst and additional workload. I don't know who the specific individual that should be made aware of this; however, somebody higher up the chain should be notified that this is going on consistently.

*Id*. Henley's comments are primarily aimed at the agency's failure to enforce the 45-day filing requirement and do not demonstrate a causal connection between Plaintiff's protected activity and her non-selection some 14 months later. The period between these communications and October 2006, the fact that Henley's comments do not evidence any intention to retaliate against Plaintiff for having filed a complaint with respect to her non-selection in January 2005 and the fact that Henley was not solely responsible for the selection of Jeff Jordan for the HRSA 2006-0117 position, considered singularly or together, fail to permit a reasonable inference of causality to be drawn.

---

[4] That federal agencies act on untimely submitted complaints seems to occur with some frequency. *See Rowe*, 967 F.2d at 191.

11

For the above reasons, Plaintiff has failed to show a causal link between her protected activity and the adverse employment action and cannot establish a prima facie case of retaliation. Therefore, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

CONCLUSION

For the foregoing reasons, it is ordered that Defendant's motion for summary judgment is granted and Plaintiff's case is dismissed with prejudice.

Signed this 6th day of February, 2008.

*Wm. F. Sanderson, Jr.*
_____
Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE